**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 19-CIV-61235-RAR**

**CBRE, INC.,**

> Plaintiff,

v.

**CAPITAL COMMERCIAL**
**REAL ESTATE GROUP, INC.,**

> Defendant,

and

**SYNOVUS BANK**,

> Garnishee.

_____/

## ORDER AFFIRMING AND ADOPTING REPORT AND RECOMMENDATION

**THIS CAUSE** comes before the Court upon United States Magistrate Judge Jared M. Strauss' Report and Recommendation [ECF No. 34] ("Report") on Defendant's Motion to Dissolve Writ of Garnishment [ECF No. 30] ("Motion").   The Motion requests the Court dissolve a garnishment placed on two accounts at Synovus Bank:   (1) account ending in 7100 with a balance of $3,301.86 ("Operating Account"); and (2) account ending in 8900 with a balance of $52,589.80 ("Escrow Account").   The Report recommends the Court grant in part and deny in part the Motion because the parties do not dispute distributing the funds from the Operating Account and dissolving the garnishment as to the Escrow Account.   *See* Rep. at 2.   In addition, the Report recommends the Garnishee is entitled to $200 from the Operating Account for its legal processing fee and statutory allowance for reasonable attorneys' fees and costs.   *Id.* at 4.

The Report properly notified the parties of the right to object to Magistrate Judge Strauss' findings, as well as the consequences for failing to object.   *Id.* at 7.   The time for objections has passed and to date, neither party has filed objections to the Report.

When a magistrate judge's "disposition" has been properly objected to, district courts must review the disposition *de novo*.   FED. R. CIV. P. 72(b)(3).   However, when no party has timely objected, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."   FED. R. CIV. P. 72 advisory committee's notes (citation omitted).   Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged Congress's intent was to only require a *de novo* review where objections have been properly filed, not when neither party objects.   *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.").   In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings."   *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

Because the parties have not filed an objection to the Report, the Court did not conduct a *de novo* review of Magistrate Judge Strauss' findings.   Rather, the Court carefully reviewed the Report for clear error.   Finding none, it is

**ORDERED AND ADJUDGED** as follows:

1.      The Report [ECF No. 34] is **AFFIRMED AND ADOPTED**.

2.      Defendant's Motion [ECF No. 30] is **GRANTED IN PART AND DENIED IN PART**.   The Writ of Garnishment as to the Escrow Account is **DISSOLVED**.   Final judgment of Garnishment is **ENTERED** in favor of Plaintiff and against Garnishee in the amount of

**$3,101.86** from the Operating Account.

      3.      **On or before March 19, 2020**, Garnishee shall disburse **$3,101.86** from the

Operating Account to the U.S. Marshall's Office for distribution to Plaintiff.

      4.      Garnishee is **ENTITLED** to **$200.00** from the Operating Account for its legal

processing fee and statutory allowance for reasonable attorneys' fees and costs.

      **DONE AND ORDERED** in Fort Lauderdale, Florida, this 10th day of March, 2020.

_____

**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**